WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

Peter Pototsky,

        Plaintiff,

v.

United States Border Patrol; United States Customs and Border Protection; Jeh Johnson, Secretary of Homeland Security; John S. Leonardo, United States Attorney for the District of Arizona; Joseph A. Patterson, Town Marshal, Patagonia, Arizona,

        Defendants.

CV 14-2418 TUC DCB

**ORDER**

      Plaintiff complains that Defendants have impeded his First Amendment right to free speech in regard to speaking out against the United States Border Patrol, especially the practice of erecting roadblocks on Arizona State Highway 83, north of the Sonoita Border Patrol Station. He complains that he has been stopped, harassed, and threatened at these roadblocks and challenges that there is any legitimate purpose for them. He complains that Border Patrol agents are incompetent and poorly trained. Plaintiff complains that Defendant Patterson, the Marshal for the Town of Patagonia, responded to a call from Border Patrol that Plaintiff was protesting the roadblock by standing by the side of the road with a sign. (FAC ¶ 27.) Plaintiff alleges Defendant Patterson violated his First Amendment right to free speech because the Marshal threatened to arrest him if he posted a video he made of the roadside exchange with Patterson on the internet. *Id.*

      Plaintiff complains that the interaction which occurred on October 20, 2013, when Patterson responded to the Border Patrol call about Patterson holding a protest sign at the

1  side of the road, was an improper seizure because he did not feel free to leave during the time
2  Patterson asked him for his drivers license even though he was not driving and told him that
3  his vehicle registration was expired, told him that holding a sign next to a road was a
4  violation of Arizona law, and publishing a video to hurt a law enforcement officer was
5  against Arizona law. *Id.* ¶ 32.

6  Defendant Patterson filed an Answer and on December 15, 2014, filed a Motion for
7  Judgment on the Pleadings. On April 27, 2015, Plaintiff filed a Response, and on July 9,
8  2015, Patterson filed a Reply. Plaintiff subsequently filed a FAC on July 24, 2015, but only
9  amended his claims as to the Federal Defendants. The Motion for Judgment on the Pleadings
10 is fully briefed and ready for disposition by the Court.

11 Standard of Review

12 A motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules
13 of Civil Procedure is the functional equivalent to a motion to dismiss filed pursuant to Rule
14 12(b)(6). *Cafasso v. Gen. Dynamics C4 Systems*, 637 F.3d 1047, 1055 n. 4 (9th cir. 2011);
15 *Dworkin v. Hustler Magazine, Inc.*, 867 F.3d 1188 (9th Cir. 1989). A complaint must meet
16 Rule 8(a)(2)'s requirement to be a "short and plain statement of the claim showing that the
17 pleader is entitled to relief."

18 At the pleading stage, the plaintiff must allege enough facts, if taken as true, to
19 suggest that a claim exists. This does not impose a probability requirement at the pleading
20 stage, it simply calls for enough facts to raise a reasonable expectation that discovery will
21 reveal evidence to support the claim. In other words, the "factual allegations [in the
22 complaint] must be enough to raise a right to relief above the speculative level, on the
23 assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell*
24 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

25 Dismissal is appropriate if the facts alleged do not state a claim that is "plausible on
26 its own face." *Twombly*, 127 S. Ct. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

27
28

Plaintiff must allege facts which plausibly support his claims; it is not enough if the facts are merely consistent with his claims. *Id*. at 557. The Supreme Court found the plausibility standard reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Id*. *Twombly* abrogated the previously accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Supreme Court adopted the plausibility standard in *Twombly* to prevent largely groundless claims from taking up judicial time, reasoning that a claims basic deficiency should be exposed "at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citing 5 Wright & Miller § 1216, at 233 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (Hawaii 1953), *Dura Pharmaceuticals, Inc., v. Broudo,* 544 U.S. 336, 346 (2005)).

<u>Motion to Dismiss First Amendment Claim</u>

To state a claim under the First Amendment, the Plaintiff must allege facts which establish that he engaged in constitutionally protected activity; and as a result, he was subjected to adverse action by the Defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity, and that there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel School Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

Patterson correctly argues that judgment on the pleadings is appropriate where there is no cognizable legal theory or there are insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Defendants argue that the First Amendment claims against Patterson fail because it is not clear what protected speech Plaintiff was engaging in and what adverse action Patterson took against him. This is true, but Patterson clarifies in his Response Statement that he was holding a sign

1  urging people to video record Border Patrol while going through the checkpoint. (Pototsky
2  Statement (Doc. 43-1) ¶ 2.) Plaintiff alleges Patterson told him it was against the law to hold
3  a sign next to a street, *id.* ¶ 6, but admits that Patterson then left and proceeded over to agents
4  at the checkpoint and Pototsky was allowed to continue to hold his sign of protest for a
5  period of time, *id.* 9.   Assuming Plaintiff amended his FAC to plead these facts, his claim
6  against Patterson remains subject to dismissal because Plaintiff was allowed to continue
7  holding his protest sign on the side of the road, there is no factual allegation of an adverse
8  action associated with this constitutionally protected activity.  There is no cognizable legal
9  theory for a First Amendment claim against Patterson for his alleged response, which at most
10 was a *Terry* stop. *See  INS v. Delgado,* 466 U.S. 210, 216 (1984) (finding that ordinarily, an
11 investigating officer is free to ask a person for identification without implicating the Fourth
12 Amendment); *Terry v. Ohio,* 392 U.S. 1 (1968) (recognizing that an officer's reasonable
13 suspicion that a person may be involved in illegal activity permits the officer to stop the
14 person for a brief time to investigate further).  Plaintiff fails to allege any facts which would
15 support a claim he was illegally seized in violation of the Fourth Amendment.

16     Plaintiff also argues that Patterson threatened him with arrest if he were to post the
17 video of his and Patterson's roadside exchange on the internet.  Plaintiff did not post the
18 video and he was not arrested.  He makes a pre-enforcement challenge, which has been
19 described by the Supreme Court as: a"hold your tongue and challenge now" approach.  In
20 the context of the First Amendment, litigants are not required to speak first and take their
21 chances with the consequences."  *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010)
22 (quoting *Arizona Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th
23 Cir. 2003)); *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979).

24     Patterson asserts the Plaintiff's claims are subject to dismissal because he fails to
25 assert a ripe case or controversy, therefore, this Court lacks subject matter jurisdiction. Aside
26 from the merits of his First Amendment claim, Plaintiff must establish the subject matter
27
28                                           4

jurisdiction of this Court over his case, and jurisdiction depends on there being a ripe case or controversy. The ripeness doctrine ensures that courts do not entangle themselves in abstract disagreements. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).[1]

Given the somewhat relaxed standard applicable in the context of a First Amendment case, the Plaintiff "must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt*, 442 U.S at 298; *Lopez*, 630 F.3d at 781, 785-786. At a minimum there must be a genuine threat of prosecution. The Court considers three factors in determining whether an alleged threat is sufficiently genuine to establish a ripe case or controversy: 1) whether plaintiff shows a reasonable likelihood that the government will enforce the challenged law against him, i.e., whether prosecuting authority has communicated a specific warning or threat to initiate proceedings; 2) whether plaintiff establishes with some degree of concrete detail that he intended to violate the challenged law, and 3) whether the challenged law is applicable to the plaintiff either by its terms or as interpreted by the government, i.e., whether there is a history of past prosecution or enforcement under the challenged law. *Lopez*, 630 F.3d at 786; *cf Thomas*, 220 F.3d at 1139.

Here, the law at issue is A.R.S. 13-2401(A), which makes it "unlawful for a person to knowingly make available on the world wide web the personal information of a peace officer . . . if the dissemination of the personal information poses an imminent and serious threat to the peace officer's . . . safety or the safety of that person's immediate family and the threat is reasonably apparent to the person making the information available on the world wide web to be serous and imminent." This law does not apply to posting a video recording of an incident between a citizen and a law enforcement officer, which does not reflect any personal information about the peace officer. The Motion to Dismiss admits as much.

---

[1]Sometimes the courts make the case or controversy analysis under the rubric of standing, sometimes under the doctrine of ripeness, but either way the results are the same. *Thomas v. Anchorage Equal Rights Comm'n.*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

(Motion (Doc. 14) at 8.) As the statute does not apply to the circumstances of Plaintiff's case, and there is no history of prosecution of the statute in cases similar to the Plaintiffs, then all that remains is Patterson's alleged threat to "prosecute" him for a violation of this law if Plaintiff posted the video on the web. This in combination with the assumption that Plaintiff had a concrete plan to post the video, is insufficient to state a case or controversy because the law is simply inapplicable to the video allegedly made by the Plaintiff.

The case must be dismissed for lack of jurisdiction in respect to Plaintiff's claim that Patterson violated his First Amendment rights by threatening to prosecute him if he posted the video on the internet.

Even if the Court allowed Plaintiff to amend the FAC to add facts alleged in his Responsive Statement (Doc. 43-1), both claims fail against Patterson as a matter of law.

**Accordingly**,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is GRANTED; the action remains only as against the federal Defendants.

DATED this 14th day of September, 2015.

David C. Bury
United States District Judge